**0UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN K. WEBB,<br>        Appellant, | DOCKET NUMBER<br>AT-0752-16-0540-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>        Agency. | DATE: May 16, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John K. Webb, Pensacola, Florida, pro se.

William Vincent Cochrane and Holly L. Buchanan, Eglin Air Force Base, Florida, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was removed from his position of Computer Scientist, GS-12, at the 96th Range Control Squadron, at Eglin Air Force Base, Florida. Initial Appeal File (IAF), Tab 6 at 14. The agency based the action on the appellant's failure to meet a condition of his employment—the requirement to maintain his security clearance. *Id.* at 26. The record reflects that on November 20, 2014, the Department of Defense Consolidated Adjudications Facility (DODCAF) rendered a preliminary decision to revoke the appellant's eligibility for access to classified information or employment in sensitive duties. *Id.* at 74-75. The appellant was provided with instructions on how to submit a response, which he did on January 30, 2015. IAF, Tab 15, at 17-64. On June 21, 2015, the DODCAF revoked the appellant's "eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive." IAF, Tab 6 at 71-72. Although the appellant appealed the decision to the Personnel Security Appeal Board (PSAB), the PSAB upheld the revocation on October 16, 2015. *Id.* at 69-70. The agency proposed the appellant's removal on February 25, 2016, and he submitted both a written and an oral response to the proposal. *Id.* at 20-28. The deciding official issued a

decision removing the appellant effective April 30, 2016. *Id.* at 15-19. The appellant then filed this Board appeal. IAF, Tab 1.

Because the appellant withdrew his request for a hearing, the administrative judge decided this appeal based on the written record. IAF, Tab 27, Initial Decision (ID) at 2; IAF, Tab 21 n.1. In her initial decision, the administrative judge found that the agency demonstrated by preponderant evidence that the appellant's Computer Scientist position required him to maintain a Secret level security clearance. ID at 4; IAF, Tab 6 at 22, 65, Tab 22 at 10, 12. The administrative judge also found that the record established that the DODCAF revoked the appellant's access to classified information and that the PSAB upheld the revocation. ID at 4; IAF Tab 6 at 69-75; Tab 15 at 66-69. The administrative judge found further that the agency complied with the procedures required by 5 U.S.C. § 7513(b) when removing the appellant from his position, and that the agency established the required nexus between its adverse action and the efficiency of the service. ID at 4. In addition, the administrative judge found no evidence of a formal agency policy that gives the appellant the right to transfer to a nonsensitive position, and absent a statute or regulation requiring the agency to seek out alternative employment, the Board lacks the authority to review whether an employee's reassignment to a position not requiring a security clearance would have been reasonable. ID at 3-4. To the extent the appellant alleged that the agency discriminated against him on the basis of his age by showing favoritism to younger employees by helping them keep their security clearances, the administrative judge found that the Board lacks authority to review this claim because it would involve an inquiry into the validity of the agency's reasons for deciding to revoke the appellant's access. ID at 4-5. Finally, regarding the appellant's claim that the agency failed to follow its own procedural protections when it did not consider certain documents he provided, the administrative judge found that because the appellant failed to prove by preponderant evidence that the agency committed any procedural error that would have resulted in him not being

removed for failure to maintain a requirement of his position, he failed to establish harmful error. ID at 5-6. Thus, the administrative judge affirmed the agency's removal action. ID at 6.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

In *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988), the U.S. Supreme Court held that, in an appeal under 5 U.S.C. § 7513 based on the denial or revocation of a security clearance, the Board lacks authority to review the substance of the underlying security clearance determination, but may review, inter alia, whether the employee's position required a security clearance, whether the security clearance was revoked, and whether the procedures set forth in 5 U.S.C. § 7513(b) were followed. Here, it is undisputed that the appellant's position required a security clearance, that it was revoked, and that the agency complied with the requirements of 5 U.S.C. § 7513(b) in taking the removal action.

The U.S. Court of Appeals for the Federal Circuit also has held that, pursuant to 5 U.S.C. § 7701(c)(2)(C), the Board may review whether an agency complied with its procedures leading to the adverse action, including its procedures for revoking a security clearance, provided the Board does not review the substance of the revocation decision.[2] *Romero v. Department of Defense*, 527 F.3d 1324, 1328-29 (Fed. Cir. 2008). To prevail with a harmful error affirmative defense, the appellant must prove by preponderant evidence not only

---

[2] The Board has further held that, although a security clearance determination does not implicate any due process concerns, the Board may review whether the agency provided the procedural due process guaranteed under the Fifth Amendment in taking the resulting adverse action. *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 15 (2014). The appellant has not asserted that the agency denied him constitutional due process.

that the agency violated its own procedures, but also that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991); 5 C.F.R. § 1201.56(c)(1).

Here, the appellant appears to be reasserting that the agency committed harmful error when it did not consider certain updated documents he provided concerning his financial situation with his creditors. PFR File, Tab 1 at 17-22. For instance, he contends that the agency failed to consider documents he submitted to the agency and that he was prevented from obtaining relevant documents during the agency's discovery process. *Id.* at 11. He also reiterates that he is a valuable employee and that the deciding official prevented him from using Air Force Article 8.7 to have his security clearance reinstated. *Id.* at 11-14.

However, even considering the appellant's claims that the agency did not consider all of the documents he provided, we nonetheless lack authority to review the substance of the security clearance determination, *see Romero*, 527 F.3d at 1329, and the appellant has not otherwise shown by preponderant evidence that the alleged error would likely have resulted in him not being removed for failure to maintain a requirement of his position. Further, the record establishes that the agency complied with its own internal procedures when it provided the appellant at least 30 days' advance written notice of the proposed action; afforded him a reasonable time, but not less than 7 days, to respond; to submit an answer; advised him that he had the right to be represented by a representative of his choice; and provided him with a written decision explaining the agency's reasons for its decision to remove him. IAF, Tab 6 at 20-21, 26-28.

The appellant also appears to be reasserting his claim that the agency committed harmful error because the agency's decision letter was deceptive and he "did not have 20 days to get legal representation from AFGE Union." *Id.* at 23. However, as the administrative judge correctly found, the decision letter informed the appellant that, pursuant to the parties' collective bargaining

agreement, he had 20 days from the effective date of his removal to file a grievance. IAF, Tab 6 at 15-17. Furthermore, both the decision letter and the notice of proposed removal advised the appellant that he had the right to designate a representative of his choice, including the union, if he so desired. *Id.* at 17, 27. Thus, we find no merit to the appellant's argument.

The appellant further argues that the administrative judge erred in finding that the Board lacks jurisdiction over his age discrimination claim. PFR File, Tab 1 at 18-19. He asserts that, because his discrimination claim was against an official at Eglin Air Force Base and not the DODCAF, his claim should not be exempt from Board jurisdiction. *Id.* However, the substance of the appellant's discrimination claim is that the official in question exhibited favoritism toward younger engineers by helping them maintain their security clearances while his was revoked. *Id.* at 18. The Board is not permitted to review allegations of prohibited discrimination relating to an adverse action premised on the suspension or revocation of a security clearance where doing so would involve a prohibited inquiry into the validity of the security clearance determination.[3] *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 19 (2014). Thus, we find that the administrative judge correctly refrained from reviewing the appellant's age discrimination claim.

Finally, the appellant also appears to object to the agency's failure to respond to his discovery requests during the Board appeal process. PFR File, Tab 1 at 24-26. However, the record reflects that the appellant did not timely or properly file a motion to compel. Further, even though the administrative judge did not address his discovery argument below or the agency's assertion that the

---

[3] The Board has held open the possibility of considering a discrimination claim that would not require the Board to review the substance of the underlying security clearance determination, e.g., a claim that solely goes to the issue of penalty and is based on the agency's treatment of similarly situated individuals outside of the appellant's protected class. *See Helms v. Department of the Army*, 114 M.S.P.R. 447, ¶ 9 n.* (2010). Here, the appellant's age discrimination claim implicates the substance of the underlying security clearance determination, and so it is not reviewable.

appellant's discovery requests were untimely filed, we discern no resulting harm because the appellant failed to submit a motion to compel that meets the requirements of 5 C.F.R. § 1201.73(c)(1). IAF, Tab 25 at 4-5; *see Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 30 (2007) (finding that the administrative judge's failure to rule on a motion to compel was not harmful because the motion failed to meet the Board's regulatory requirements and did not state how the information in the discovery responses sought was relevant and material).

In sum, because the appellant held a position that required him to maintain a security clearance and his clearance was revoked, and because the agency complied both with the procedural requirements under 5 U.S.C. § 7513 and its own internal procedures in processing his removal, we find that the administrative judge correctly sustained the agency's removal action.[4]

### NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

[4] Absent a statute or regulation requiring the agency to seek out alternative employment, the Board lacks authority to review whether the appellant's reassignment to a position not requiring a security clearance would have been feasible. *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580 (Fed. Cir. 1989); *see Hornseth v. Department of the Navy*, 916 F.3d 1369, 1374-75 (Fed. Cir. 2019).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.